IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SETH DOWNING, | ) |
|     Plaintiff, | ) |
| v. | ) |
| KNOX COUTNY, TENNESSEE, and SERGHEY BOTEZAT, | ) |
|     Defendants. | ) **JURY DEMANDED** |

## COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Seth Downing, for his Complaint against Knox County, Tennessee, ("Knox County") and Serghey Botezat, would show as follows:

### INTRODUCTION

1. Plaintiff seeks damages, declaratory relief, and injunctive relief based on "[private] nondelegation claim, grounded in the Due Process Clause, under the Supreme Court's decisions in *Eubank v. Richmond*, 226 U.S. 137 (1912), and *Washington ex rel. Seattle Tile Trust Co. v. Roberge*, 278 U.S. 116 (1928). *Id.* at 591–94." *Rice v. Vill. of Johnstown, Ohio*, No. 22-3974, 2023 WL 4977457, at *2 (6th Cir. Aug. 3, 2023). The violation of Plaintiff's right to due process arises from Knox County's unconstitutional delegation of legislative powers and authority to Defendant Botezat—a private real estate developer—under the current provisions of Knox County Zoning Ordinance ("KCZO") § 6.50.08. The unconstitutional provisions of § 6.05.08 were enacted pursuant to Knox County Ordinance 0-22-6-104, on August 22, 2022. A copy of § 6.50.08 and Ordinance 0-22-6-104 are attached hereto as **Exhibit A** and **Exhibit B** respectively.

2. Plaintiff also seeks damages, declaratory relief, and injunctive relief for violation of his right to Equal Protection of law because KCZO § 6.50.08 and Knox County Ordinance 0-22-6-104 unconstitutionally discriminate between similarly situated parties without furthering a substantial governmental interest or even a discernable rational basis.

3. KCZO § 6.50 establishes administrative procedures for review of real estate development plans including application, initial consideration by the Knoxville-Knox County Planning Commission, and appeal to the Knox County Board of Zoning Appeals (the "BZA"). Both the Planning Commission and the BZA are administrative bodies. Under KZCO § 6.50.08, any aggrieved party may appeal from the Planning Commission to the BZA. If the real estate developer is aggrieved by the Planning Commission, the developer has an absolute right to a *de novo* hearing before the BZA. However, if anyone other than the real estate developer appeals to the BZA, KCZO § 6.50.08(b) and (c) give the real estate developer a right to "opt out" of the BZA appeal by sending a "notice and demand" to the Knox County Law Director's Office. In such an event, the aggrieved party must file an appeal directly to "a court of competent jurisdiction within thirty (30) days of the notice having been mailed."

4. Plaintiff owns property located at 7201 Ball Camp Pike, Knoxville, TN 37931. He opposes a 32-unit multi-family real estate development plan (the "Development Plan") on abutting property owned by Defendant Botezat. The Planning Commission approved the Development Plan on June 8, 2023. Plaintiff is aggrieved by the Planning Commission's approval of the Development Plan. On July 7, 2023, he timely appealed to the BZA. On July 19, 2023, counsel for Defendant Botezat sent a letter to the Knox County Law Director demanding that Plaintiff be required to appeal directly to court pursuant to KCZO § 6.50.08(b) and (c). Pursuant to Defendant Botezat's demand, Knox County instructed Plaintiff that the item

would be removed from the BZA agenda.  On August 7, 2023, Plaintiff filed an appeal for certiorari review with the Knox County Circuit Court.[1]

5. The "opt out" provisions of KCZO § 6.50.08(b) and (c) violate Due Process and Equal Protection by placing unbridled discretion with private real estate developers to decide whether an opponent's appeal will be heard *de novo* by the BZA or by a court under the common law writ of certiorari.  Forcing an aggrieved party into a premature appeal under the common law writ of certiorari harms the aggrieved party because of the limited standard of certiorari review.  Review under the common law writ of certiorari is limited to the existing administrative record.  A *de novo* review by the BZA has no such limitations allowing the aggrieved party to create a new administrative record.  Under these circumstances, a real estate developer will undoubtedly exercise the discretion to "opt out" of a *de novo* review in an arbitrary and capricious way that furthers the naked self-interest of the developer to the detriment of aggrieved opponents.  KCZO § 6.50.08(b) and (c) give one property owner full and final authority to determine the appellate rights other property owner without any guidance as to how such discretion must be exercised.  Such power is not substantially related to any important government interest or rationally related to any legitimate government interest.  As a result, Plaintiff is entitled to damages, declaratory relief, and injunctive relief.

**PARTIES**

---

[1] Plaintiff has filed the instant action because, under Tennessee Law, a direct or original action, such as one for damages, declaratory relief, or injunctive relief, cannot be joined with an appellate action under the common law writ of certiorari. *See, Goodwin v. Metro. Bd. Of Health*, 656 S.W.2d 383, 386 (Tenn. Ct. App. 1983); *Byram v. City of Brentwood*, 833 S.W.2d 500, 502 (Tenn. Ct. App. 1991); *Groves v. Tenn. Dep't of Safety and Homeland Security*, 2018 Tenn. App. LEXIS 703 (Tenn. Ct. App. 2018).

1. Seth Downing is a resident of Knox County, Tennessee who may be served with papers in this action through the undersigned attorney.

2. Knox County, Tennessee ("Knox County") is a county created and existing under the constitution and laws of the State of Tennessee. Knox County may be served through its Mayor, Glenn Jacobs, at 400 Main Street, Suite 615, Knoxville, TN 37902.

3. Serghey Botezat is a resident of Loudoun County, Tennessee, who may be served at 8759 Hines Valley Road, Lenoir City, TN 37771, or wherever he may be found.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims involve violations of the United States Constitution and 42 U.S.C. § 1983.

7. Venue is proper before this Court because, among other reasons, the events giving rise to this action occurred in the Eastern District of Tennessee. See 28 U.S.C. § 1391(b)(1), (2).

8. Further recourse to state procedures would be futile and/or a final decision is not required by existing law.

## FACTS

9. Defendant Serghey Botezat owns the property at 0 Ball Camp Pike, Knoxville, Tennessee 37931 (the "Botezat Property").

10. The Plaintiff owns the property at 7201 Ball Camp Pike, Knoxville, TN 37931 (the "Downing Property").

11. The Downing Property abuts the Botezat Property.

12. In Tennessee, the power to regulate or "zone" the uses of real property is vested in the state.

13. The Tennessee General Assembly delegated the authority to zone real property to Knox County through zoning enabling legislation, Tenn. Code Ann. § 13-7-101, *et seq*.

14. Knox County's authority to enact the Knox County Zoning Ordinance ("KCZO") is derived from the zoning power vested in the State of Tennessee.

15. On April 24, 2023, Defendant Botezat submitted a development plan application to the Planning Commission requesting approval of a 32-unit multi-dwelling development on the Botezat Property pursuant to KCZO § 6.50.

16. On June 8, 2023, the Planning Commission voted to approve Defendant Botezat's application.

17. The Planning Commission decision to approve the development plan was not supported by material evidence and was illegal, arbitrary, and capricious.

18. Plaintiff Downing is aggrieved by Planning Commission's decision due to, among other reasons, the hazards attendant to increased traffic volume, diminution of his property value, increased density of population and attendant harms, the likelihood of flooding, adverse effect on the character of his neighborhood, violations of applicable law, and the likelihood of decreased or inadequate utilities in the area.

19. KCZO § § 6.50.08 gives persons or entities aggrieved by Planning Commission's consideration of a development plan the right to appeal to the BZA.

20. On July 6, 2023, Plaintiff Downing appealed the Planning Commission decision to the BZA by filing an appeal with the Knox County Codes Administration pursuant to KCZO § 6.50.08.

21. The Knox County Codes Administration placed Plaintiff Downing's appeal on the BZA agenda for July 26, 2023.

22. On July 19, 2023, counsel for Defendant Botezat sent a letter to the Knox County Law Director claiming to exercise Defendant Botezat's right under KCZO § 6.50.08(c) to "opt out of the BZA appeal and…demand that if the matter is to be appealed, that it be heard by the court of competent jurisdiction…" A copy of the letter is attached to this Complaint as **<u>Exhibit C</u>** (the "Opt-Out Letter").

23. KCZO § 6.50.08 reads as follows:

> 6.50.08 Appeal of development plans. In any Zone in which a "development plan" or "plan for development" must be approved by the planning commission prior to the construction or alteration of any building or development, any person, firm or corporation aggrieved by the decision of the planning commission regarding such development shall follow the following procedure for appeals:
>
>> (a) The aggrieved person or entity may file an appeal either to the Board of Zoning Appeals or to a court of competent jurisdiction within thirty (30) days of the decision being appealed.
>>
>> **(b) The Applicant for the development plan being challenged may opt out of the BZA appeal by sending, by certified mail, a notice of demand to have the matter heard by a court of competent jurisdiction to the Knox County Law Director's Office, with a copy of said notice sent by certified mail to the address of the aggrieved appellant(s), within fifteen (15) days of the filing of the BZA appeal.**
>>
>> **(c) In the event that such notice is filed with the Law Director's Office, the appellant shall file the appeal with a court of competent jurisdiction within thirty (30) days of the notice having been mailed.**

(emphasis added).

24. On July 25, 2023, pursuant to the Opt-Out Letter, Knox County informed the Plaintiff that his appeal would be removed from the BZA agenda.

25. The BZA did not hold a hearing on Plaintiff Downing's appeal.

26. But for the provisions of KCZO § 6.50.08 allowing Defendant Botezat to "opt out" of the BZA appeal, Plaintiff Downing would have availed himself of the BZA hearing to present proof and to create a new administrative record that would have given the BZA a basis to

overturn the Planning Commission's approval of the Development Plan and would have allowed Plaintiff Downing to protect his economic interest in the Downing Property.

27. On August 7, 2023, Plaintiff Downing filed a complaint for judicial review in the Knox County Circuit Court requesting a writ of certiorari.

28. The Defendants' conduct deprived Plaintiff of his right to appeal to the BZA and forced Plaintiff into a premature appeal to the Knox County Circuit Court under the common law writ of certiorari.

29. But for the provisions of KCZO § 6.50.08 allowing Defendant Botezat to "opt out" of the BZA appeal, Plaintiff Downing would not have been required to incur the expense of filing his appeal with the Knox County Circuit Court.

30. The actions of Knox County and Defendant Botezat were illegal and unconstitutional.

31. Plaintiff has suffered a procedural injury that has prevented him from protecting his economic interest in the value of the Downing Property.

32. Plaintiff has suffered economic damages because of the Defendants' illegal and unconstitutional conduct, including the filing fee paid to perfect his appeal to court.

33. In the event Plaintiff is not able to prove a claim for compensatory damages, Plaintiff requests nominal damages.

## COUNT I – DUE PROCESS

34. Plaintiff incorporates the foregoing paragraphs into Count I of this Complaint.

35. The Fourteenth Amendment provides in relevant part that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1.

36. Section 1983 of Title 42 of the United States Code provides in pertinent part: "Every person who, under color of any statute [or] ordinance…, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…."

37. Knox County is a "person" acting under color of statute and/or ordinance within the meaning of 42 U.S.C. § 1983.

38. Defendant Botezat is a "person" acting under color of statute and/or ordinance within the meaning of 42 U.S.C. § 1983.

39. By adopting KCZO § 6.50.08 and Ordinance 0-22-6-104, Knox County has delegated to real estate developers, including Defendant Botezat, the authority to establish procedures for review and appeal of development plan application on an *ad hoc* basis.

40. The establishment of procedures for review and appeal of development plan applications under the KCZO is a legislative function.

41. The KCZO provides no guidance concerning how Defendant Botezat or any other real estate developer will decide whether an appeal from the Planning Commission will be heard by the BZA or a court of competent jurisdiction.

42. The KCZO provides no possibility of appeal or further review of a real estate developer's decision to "opt out" of an appeal to the BZA.

43. Defendant Botezat is a private, unelected, and unaccountable person in the business of developing real property for profit.

44. Defendant Botezat and other private real estate developers will always exercise the discretion afforded by KCZO § 6.50.08 in an arbitrary and capricious way to further their own naked self-interests.

45. Knox County has, therefore, delegated its legislative authority to a private party in violation of the United States Constitution.

46. The Defendants' conduct has deprived the Plaintiff of rights secured by the Constitution and laws in violation of 42 U.S.C. § 1983, including the right to be free from the delegation of legislative authority to private persons.

47. The Defendants' conduct has deprived the Plaintiff of rights secured by the Constitution and laws in violation of 42 U.S.C. § 1983, including the right to be free from the arbitrary and capricious exercise of legislative authority by private persons.

48. Defendants' Conduct has deprived Plaintiff of the right to appeal to the BZA under KCZO § 6.50.08 ("aggrieved person or entity may file an appeal [] to the Board of Zoning Appeals").

49. Defendants' Conduct has deprived Plaintiff of the right to appeal to the BZA under Tenn. Code Ann. § 13-7-108 ("Appeals to the [BZA] may be taken by any person aggrieved, or by any officer, department or board of the county affected, by any grant or withholding of a building permit or by any other decision of a building commissioner or other administrative official, based in whole or in part upon any ordinance under this part.").

50. Plaintiff is entitled to a declaration that the KCZO § 6.50.08 is unconstitutional.

51. Plaintiff is entitled to injunctive relief enjoining the enforcement of KCZO § 6.50.08 and Ordinance 0-22-6-104 to deny aggrieved parties the right to appeal to the BZA.

52. As a direct and proximate cause of the provisions of KCZO § 6.50.08 allowing Defendant Botezat to "opt out" of the BZA appeal, Plaintiff Downing was required to file an appeal to the Knox County Circuit Court under the common law writ of certiorari.

53. As a direct and proximate result of the Defendants' unconstitutional conduct, Plaintiff has incurred economic damages, including but not limited to filing fees, costs, and expenses associated with filing the Circuit Court action.

54. As a direct and proximate result of the Defendants' unconstitutional conduct, Plaintiff has been deprived of a hearing before the BZA.

## COUNT II – EQUAL PROTECTION

55. Plaintiff incorporates the foregoing paragraphs into Count II of this Complaint.

56. The Fourteenth Amendment provides in relevant part that a State shall not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

57. Parties to an administrative appeal from the Planning Commission to the BZA are similarly situated.

58. KCZO § 6.50.08 and Ordinance 0-22-6-104 discriminate between similarly situated parties to a development plan appeal by giving the real estate developer a right to "opt out" of the appeal and force their opponents into a premature appeal under the common law writ of certiorari.

59. Aggrieved parties other than real estate developers do not have the right to opt out of an administrative appeal to the BZA.

60. Such discrimination is motivated by a discriminatory animus against appellants who are not in the business of developing real estate for profit.

61. The "opt out" provisions of KCZO § 6.50.08 and Ordinance 0-22-6-104 are not related to any substantial governmental interest or rationally related to any legitimate governmental interest.

WHEREFORE, Plaintiff requests that the Court grant the following relief:

62. A declaration that KCZO § 6.50.08 and Ordinance 0-22-6-104 constitute an unlawful delegation of Knox County's legislative authority to private real estate developers in violation of the United States Constitution and 42 U.S.C. §1983.

63. A declaration that Knox County and Defendant Botezat have unlawfully deprived Plaintiff Downing of the right to appeal to the Board of Zoning Appeals and to protect his economic interest in the Downing Property in violation of the United States Constitution.

64. A declaration that KCZO § 6.50.08, and Ordinance 0-22-6-104 unconstitutional.

65. A judgment or order enjoining Knox County, and/or any agency, body, or other person, from enforcing KCZO § 6.50.08 and Ordinance 0-22-6-104 to deprive any person of their any rights, privileges, or immunities secured by the Constitution and laws of the United States.

66. A judgment or order awarding Plaintiff compensatory and punitive damages against Defendant in an amount to be determined at trial but not less than $75,000, including but not limited to all financial losses, application fees and expenses incurred as part of and in connection with the BZA appeal process and his appeal to the Knox County Circuit Court, costs, expenses and attorneys' fees pursuant to 42 U.S.C. §1983.

67. A judgment or order awarding Plaintiff such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiffs hereby request a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Daniel A. Sanders
Daniel A. Sanders (BPR #027514)
LOWE YEAGER & BROWN, PLLC
900 S. Gay Street, Suite 2102
Knoxville, Tennessee 37929
p (865) 521-6527
f (865) 637-0540
das@lyblaw.net
*Attorney for Plaintiff*