UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SETH DOWNING, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 3:23-cv-300 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| SERGHEY BOTEZAT & KNOX COUNTY, TENNESSEE, | ) ) ) | Magistrate Judge Poplin |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss [Doc. 14] by Defendant Knox County, Tennessee, the Motion for Joinder [Doc. 16] by Defendant Serghey Botezat, and the First Motion for Leave to File Amended Complaint [Doc. 18] by Plaintiff Seth Downing. For reasons that follow, the Motion to Dismiss [Doc. 14] will be **DENIED**, the Motion for Joinder [Doc. 16] will be **GRANTED**, and the Motion to Amend [Doc. 18] will be **GRANTED**.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff owns property on Ball Camp Pike in Knoxville, Tennessee. [Doc. 1 at ¶ 10]. He opposes a 32-unit multi-family real estate development plan (the "Development Plan") on abutting property that is owned by Defendant Serghey Botezat. [*Id.* at ¶ 11, 15]. The Knoxville-Knox County Planning Commission approved the Development Plan on June 8, 2023, and Plaintiff timely appealed to the Knox County Board of Zoning Appeals ("BZA"). [*Id.* at ¶ 16, 20].

Knox County Zoning Ordinance § 6.50.08 allows an applicant for a challenged development plan to "opt out" of an appeal to the BZA and "demand to have the matter heard by a court of competent jurisdiction." KCZO § 6.50.08. The Complaint alleges that Botezat, through

1

counsel, made demand pursuant to this provision. [Doc. 1 at ¶ 22]. Knox County informed Plaintiff that the appeal would be removed from the BZA agenda. [*Id.* at ¶ 24].

On August 7, 2023, Plaintiff filed a complaint for judicial review in the Knox County Circuit Court requesting a writ of certiorari. [*Id.*]. Plaintiff explains in his Complaint [Doc. 1 at pg. 3, n.1] that under Tennessee law, a direct or original action cannot be joined with an appellate action under the common law writ of certiorari. According to Plaintiff, that required him to file a separate action to bring the claims asserted in the Complaint.

Plaintiff asserts two constitutional claims in this action. For Count 1, Plaintiff contends that by adopting KCZO § 6.50.08 and Ordinance O-22-6-104, Knox County has delegated to real estate developers, including Botezat, the authority to establish procedures for review and appeal of a development plan application on an *ad hoc* basis. [Doc. 1 at ¶ 39]. Plaintiff argues that Knox County has delegated its legislative authority to a private party, in violation of Plaintiff's Fourteenth Amendment right to Due Process. He also alleges that Knox County's conduct has deprived him of the right to be free from the arbitrary and capricious exercise of legislative authority by private persons and the right to appeal to the BZA.

For Count 2, Plaintiff asserts that KCZO § 6.50.08 and Ordinance O-22-6-104 discriminate against similarly situated parties, in violation of his Fourteenth Amendment right to Equal Protection. [Doc. 1 at ¶¶ 55-60]. He alleges that real estate developers are afforded the right to opt out of an appeal, forcing opponents of a development plan to prematurely appeal. Aggrieved parties other than real estate developers do not have the right to opt out of an administrative appeal to the BZA.

For relief, Plaintiff seeks, *inter alia*, (1) a declaratory judgment that KCZO § 6.50.08 and Ordinance O-22-6-104 are unconstitutional; (2) an order enjoining Knox County from enforcing

KCZO § 6.50.08 and Ordinance 0-22-6-104 to deprive any person of their constitutional rights; (3) an award of compensatory damages for financial losses, fees, and expenses incurred in connection with the appeal process; (4) attorneys' fees pursuant to 42 U.S.C. § 1983; and (5) punitive damages.

## II. KNOX COUNTY'S MOTION TO DISMISS [DOC. 14]

Knox County moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) based on various abstention doctrines. Plaintiff argues that he could not have brought his constitutional claims in the Circuit Court action because a common law writ of certiorari is narrowly limited to review of the challenged administrative action. Plaintiff cites well-established principles of Tennessee law and a decision of the United States Court of Appeals for the Sixth Circuit applying that law in support of his opposition. He contends that *Younger* and *Pullman* abstention do not apply to these facts and that the *Rooker-Feldman* doctrine does not bar this action because there was no state court judgment when it was filed. Defendant did not file a reply brief, so the Court does not have the benefit of Defendant's position on this caselaw.

### 1. Standard of Review

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1) on abstention grounds. There appears to be some disagreement about which Rule governs such a motion. *See Doe v. Lee*, 2022 WL 1164228, *3 (M.D. Tenn. April 19, 2022) (concluding motion to dismiss premised on *Younger* abstention is most appropriately brought under Rule 12(b)(1)). The parties do not dispute which Rule applies, and because dismissal is not appropriate, the Court need not determine whether dismissal would be with or without prejudice. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 916 (6th Cir. 1986) ("Normally, Rule 12(b)(6) judgments are dismissals on the merits and Rule 12(b)(1) dismissals are not."). Regardless, federal abstention doctrines

3

generally focus on whether the Court should exercise its jurisdiction, not whether jurisdiction exists. *See, e.g., Tenet v. Doe*, 544 U.S. 1, 6 n. 4 (2005) (explaining that *Younger* abstention "represents the sort of 'threshold' question we have recognized may be resolved before addressing jurisdiction"); *Epps v. Lauderdale Cnty.*, 139 F. Supp. 2d 859, 864 (W.D. Tenn. 2000) ("The doctrine of abstention, under which a District Court may postpone or decline to exercise its jurisdiction, is an extraordinary and narrow exception to the District Court's duty to adjudicate a controversy properly before it."); *Jones v. Coleman*, 848 F.3d 744, 749 (6th Cir. 2017) ("*Pullman* abstention . . . does not involve the abdication of federal jurisdiction, but only the postponement of its exercise." (cleaned up)).

## 2. Common Law Writ of Certiorari

Plaintiff filed a complaint for certiorari review with the Knox County Circuit Court, seeking review of the actions of the Planning Commission and the BZA. [Doc. 1 at ¶ 4].[1] "A common law writ of certiorari provides a vehicle for a court to remove a case from a lower tribunal to determine whether there has been a failure to proceed according to the essential requirements of the law." *City of Murfreesboro v. Lamar Tennessee, LLC*, 2011 WL 704412, *1 (Tenn. Ct. App. Feb. 28, 2011) (citation and punctuation omitted); *Laney Brentwood Homes, LLC v. Town of Collierville*, 144 F. App'x 506, 508 (6th Cir. 2005) ("Under Tennessee law, a writ of certiorari is a special petition to obtain review of an administrative board's decision."). Such a writ "does not bring up for determination any question or issue except whether the inferior board or tribunal exceeded its jurisdiction or acted illegally or arbitrarily." *City of Murfreesboro*, 2011 WL 704412 at *1. Critically, "the common law writ of certiorari, which is appellate in nature, is incompatible with an original action, and the two cannot be brought together." *Id.*; *Goodwin v. Metro. Bd. of*

---

[1] Knox County references the petition as an exhibit to its motion, but no exhibit was attached or separately filed. The parties do not dispute the relevant details of this filing.

4

*Health*, 656 S.W. 2d 383, 386-87 (Tenn. Ct. App. 1983) ("[W]e wish to heartily condemn that which appears to us to be a growing practice, i.e., the joinder of an appeal with an original action and the simultaneous consideration of both at the trial level."). Relief available under a writ is "quite narrow," and "generally limited to vacating the finding and remanding the matter to the lower tribunal." *Id.*

It is apparent from this caselaw that Plaintiff could not have brought his original claims in the certiorari action. The United States Court of Appeals for the Sixth Circuit has rejected abstention arguments where the state court action was initiated by a petition for writ of certiorari. *Laney Brentwood Homes*, 144 F. App'x at *1. Plaintiff Laney Brentwood Homes, LLC, filed a § 1983 action against the Town of Collierville, alleging the Town acted improperly with respect to, *inter alia*, plaintiff's applications for building permits. The applications were denied and then the appeal was denied by the Board of Zoning Appeals. *Id.* at 508. The builder challenged the Board's decision by filing a petition for a writ of certiorari with the Chancery Court of Shelby County, Tennessee. *Id.* In that petition, the builder included original counts, including one for declaratory judgment, damages for malicious harassment, and damages for state takings violations. The builder voluntarily dismissed those counts, filed a new complaint that also included a § 1983 claim, and the action was removed to federal court. After granting summary judgment to defendant on the federal § 1983 claim, the district court declined to exercise supplemental jurisdiction over the remaining state law claims and remanded them to the Chancery Court.

On appeal, the plaintiff builder argued that the district court should have abstained from ruling on the merits of the case because the original counts joined to the certiorari action were never "officially" dismissed. *Id.* at 511. The Sixth Circuit explained that neither *Younger* nor *Pullman* abstention applied because the original counts were improperly joined to the writ of

5

certiorari: "There is no reason why the district court should have abstained from hearing the removed claims here, given that the Chancery Court could not have entertained the original claims as they were improperly filed." *Id.* at 511-12. "Thus, the federal court would not be interfering with any state court proceeding under either *Younger* or *Pullman*." *Id.* at 512.

With these principles in mind, the Court turns to the similar abstention arguments Knox County raises here.

### 3. *Younger* Abstention

"The *Younger* doctrine is a judicial creation born from the principles of equity, comity, and federalism." *Hill v. Snyder*, 878 F.3d 193, 204 (6th Cir. 2017); *see Younger v. Harris*, 401 U.S. 37, 91 (1971). "It permits federal courts to withhold authorized jurisdiction in certain circumstances to avoid undue interference with state court proceedings." *Hill*, 878 F.3d at 204. Courts "are to treat *Younger* as a limited carve-out to federal courts' virtually unflagging obligation to exercise their jurisdiction." *Id.* (citation and punctuation omitted).

In determining whether to abstain under *Younger*, the Court must first determine "whether there is a state proceeding of the sort contemplated by *Younger*." *Klopp v. Ky. Educ. Prof'l Standards Bd.*, 2024 WL 1180939, *2. *Younger* applies only if the state proceeding falls into one of three categories: (1) an ongoing state criminal prosecution; (2) certain civil enforcement proceedings that are akin to criminal prosecutions; and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) ("*NOPSI*"). Outside the context of a pending state criminal prosecution, *Younger*'s applications "are narrow and exist only in a few exceptional circumstances." *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017).

"If the Court finds that a *Younger* proceeding is ongoing, it then considers the Supreme Court's *Middlesex* factors." *Klopp*, 2024 WL 1180939 at *3; *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc'n*, 457 U.S. 423 (1982).[2] Abstention is appropriate if (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims. *Doe v. Univ. of Ky.*, 860 F.3d at 369 (citing *Middlesex*, 457 U.S. at 432-34).

Here, Knox County appears to contend that the Circuit Court action falls into either the second or third *NOPSI* category. First, Knox County suggests the state court action might fit within the second *NOPSI* category: civil enforcement proceedings that are akin to criminal prosecutions. Knox County argues, for example, that while the action was not initiated by the County, the issues raised therein may affect the County's ability to enforce its ordinances and local decisions. [Doc. 14 at 4]. State-initiated civil enforcement proceedings may "include administrative proceedings that are judicial in nature." *Klopp*, 2024 WL 1180939 at * 2 (citation and punctuation omitted). But "[i]n proceedings akin to a criminal prosecution, 'a state actor is routinely a party to the state proceeding and often initiates the action,' and the procedure is initiated to sanction the federal plaintiff." *Doe*, 860 F.3d at 369 (quoting *Sprint Comm'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013)). Plaintiff's certiorari action is plainly not akin to a criminal prosecution.

Next, the County contends the state court action is "related to enforcement of Knox County's ordinances and zoning codes." [Doc. 14 at 4]. *Younger* has been extended to state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 70. Yet the Tennessee Court of Appeals has explained that "[t]he purpose of

---

[2] "The three *Middlesex* conditions recited above were not dispositive; they were, instead, *additional* factors appropriately considered by the federal court before invoking *Younger*." *Sprint Comms., Inc. v. Jacobs*, 571 U.S. 69, 81-82 (2013); *see also Doe v. Univ. of Ky.*, 860 F.3d at 369 (*Middlesex* factors are only considered by a court after the court decides one of the *NOPSI* exceptional circumstances is present).

7

the common law writ of certiorari is <u>not to enforce the decision</u> of the lower board or commission, but simply to review it within the very narrow confines of the writ." *City of Murfreesboro*, 2011 WL 704412 at *2 (emphasis added). The Circuit Court action is not a "civil proceeding[] involving certain orders . . . uniquely in furtherance" of the state court's ability to perform its judicial functions. *Sprint*, 571 U.S. at 70.

Plaintiff's Circuit Court action is not akin to a criminal prosecution, nor is it uniquely in furtherance of the State's interest in enforcing the orders and judgments of its courts. The Development Plan was put forth by a private party and Plaintiff opposes it as a private party. Knox County did not initiate the action and Knox County is not in an "enforcement posture" with respect to the state court proceeding. *See Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 791-92 (6th Cir. 2004) ("[A]lthough the City does have a substantial interest in enforcing its zoning laws without federal interference in the state's judicial processes, the City simply was not in any type of enforcement posture . . . at the time [Plaintiff] filed the federal action attacking the constitutionality of the legislative enactment.").

Even if Knox County had shown the state proceeding is the type contemplated by *Younger*, the County has not shown that abstention is appropriate under *Middlesex*. In particular, Defendant has not shown that the certiorari proceedings afford Plaintiff "an adequate opportunity to present the federal challenge." *Middlesex*, 457 U.S. at 434. Applying Tennessee law, the Sixth Circuit held in *Laney Brentwood Homes* that there can be no interference with a state court proceeding when the state court "could not have entertained the original claims" since they were improperly joined in a common law certiorari action. 144 F. App'x at 512. Again, the "[r]elief available under the writ is generally limited to vacating the finding and remanding the matter to the lower tribunal." *City of Murfreesboro*, 2011 WL 704412 at *2.

8

Finally, the Court notes that Knox County chose not to file a reply brief. Plaintiff's response brief cites well-established Tennessee precedent for the proposition that the original action could not have been joined with his common law writ of certiorari petition. He also cites Sixth Circuit case law applying Tennessee law to substantially similar circumstances and finding abstention unwarranted. Defendant did not reply to distinguish this precedent or demonstrate that it was inapplicable to this case.

### 4. *Pullman* Abstention

"*Pullman* abstention instructs courts to avoid exercising jurisdiction in cases involving an ambiguous state statute that may be interpreted by state courts so as to eliminate, or at least alter materially, the constitutional question raised in federal court." *Fowler v. Benson*, 924 F.3d 247, 255 (6th Cir. 2019); *see also Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941). The "primary scenario for a district court's application of *Pullman* abstention is one in which the state-law question is an unsettled issue best decided by state courts." *Jones v. Coleman*, 848 F.3d 744, 749 (6th Cir. 2017); *see also Tyler v. Collins*, 709 F. 2d 1106, 1108 (6th Cir. 1983) (*Pullman* abstention requires "an unclear state law . . . and the likelihood that a decision on the state constitutional issue would obviate our deciding the federal question").

Defendant argues that *Pullman* has been applied to land use cases. [Doc. 14 at 6]. It further argues that Plaintiff has specifically challenged the applicability of Knox County's ordinance to him in the Circuit Court case and resolution of that issue could obviate the need for federal review. [*Id.*]. But Knox County has not identified any ambiguity in either KCZO § 6.50.08 or Ordinance 0-22-6-104. It does not even suggest that either is ambiguous. So the County has not shown that *Pullman* abstention is appropriate.

9

### 5. *Rooker-Feldman* Doctrine

Finally, Knox County argues that Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine. As described by Knox County, the *Rooker-Feldman* doctrine prohibits a party aggrieved by a state court decision from appealing that decision to a district court, requiring the party to instead petition for a writ of certiorari from the Supreme Court of the United States. [Doc. 14 at 6-7]. *Rooker-Feldman* applies in (1) cases brought by state-court losers (2) complaining of injuries caused by state-court judgments, (3) rendered before the district court proceedings commenced, and (4) inviting district court review and rejection of those judgments. *RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 387-88 (6th Cir. 2021).

Knox County thoroughly outlines the *Rooker-Feldman* doctrine, but then fails to explain why it applies in this case. No state-court judgment existed when the Complaint was filed. And while Knox County asserts that *Rooker-Feldman* can apply to interlocutory orders, it does not identify what state court order could trigger application of the doctrine. The County glosses over the actual requirements for application of the doctrine, relying instead on similar themes in cases that have applied it. It never explains how the Planning Commission's approval of the Development Plan constitutes a state court order, interlocutory or otherwise. [Doc. 14 at 9]. If there is legal authority for such a proposition, Knox County has not cited it.

Because abstention is not warranted, Knox County's Motion to Dismiss [Doc. 14] will be **DENIED**.

### III. PLAINTIFF'S MOTION TO AMEND [DOC. 18]

Plaintiff filed his First Motion for Leave to File Amended Complaint [Doc. 18] on January 29, 2024, shortly after the conclusion of briefing on Defendant's Motion to Dismiss. Plaintiff's motion indicates that the proposed amended complaint would: (1) clarify Plaintiff's

claims regarding the unconstitutionality of the zoning ordinance and add a First Amendment violation claim; (2) explain the basis for filing the present action in addition to the state court action; and (3) clarify Plaintiff's request for compensatory damages, nominal damages, and injunctive relief, and include a specific request for preliminary injunctive relief.

Defendant's response in opposition is entirely based on futility. Knox County challenges the sufficiency of the pleadings as a whole, not just the amended material. Recognizing that many courts prefer to address futility issues on a motion to dismiss rather than on a response to a motion to amend, Knox County nonetheless raises its futility challenge to avoid waiver. [Doc. 21 at 2].

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend must be freely given "when justice so requires." This analysis requires the Court to consider undue delay in filing, lack of notice to the opposing party, bad faith by the movant, failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of the amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The only factor in dispute here is the futility of the proposed amendment. The futility factor mirrors the standard for a Rule 12(b)(6) motion to dismiss: "Amendment to a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F. 3d 803, 817 (6th Cir. 2005).

As other courts have done, the Court will not consider the sufficiency of the pleadings in the procedural posture of a motion to amend. *Christison v. Biogen Idec Inc.*, 2016 WL 3546242, at *4 (D. Utah June 23, 2016) (collecting cases) ("Several courts have wisely declined to engage in a futility analysis at the motion to amend phase."); *Sweet v. Oregon*, 2013 WL 5936386, at *3 (D. Or. Oct. 30, 2013) (granting plaintiff leave to amend and considering defendant's futility arguments in the context of a motion to dismiss where defendant moved to dismiss and also

11

opposed amendment on futility grounds); *Stender v. Cardwell*, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) ("Accordingly, the Court—preserving its scarce resources—will not at this time consider the question whether the amendments should be denied on grounds of futility because they fail to state plausible claims for relief. The Court will consider that question if and when Defendants file a motion to dismiss on those grounds."). "Strictly from a pragmatic standpoint, if a proposed amendment to a complaint is futile, the safer course of action for both the defendant and the court . . . would be to allow amendment." *Artrip v. Norfolk S. Ry. Co.*, 2008 WL 11452526, at *2 (E.D. Tenn. Aug. 15, 2008).

The Court is persuaded this is the most prudent course of action for several reasons. First, Knox County presumably could have challenged the sufficiency of the pleadings in its motion to dismiss, raised as an argument in the alternative. Second, in filing its Motion to Dismiss under Rule 12(b)(1) [Doc. 14 at 2], Knox County failed to comply with the requirements of the Court's Order Governing Motions to Dismiss [Doc. 3]. That Order is not limited to Rule 12(b)(6) motions:

> A motion pursuant to Federal Rule of Civil Procedure 12(b) is discouraged if the defect is likely to be cured by filing an amended pleading. Therefore, **the parties must meet and confer prior to the filing of a motion to dismiss** to determine whether it can be avoided . . . **[A] motion to dismiss must be accompanied by a notice** indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment.

[Doc. 3] (emphasis added).

While most obviously directed at a Rule 12(b)(6) motion, the plain language of the Order also applies to the filing of a motion to dismiss under Rule 12(b)(1). No certification that the parties conferred accompanied the Motion to Dismiss [Doc. 14]. So Knox County has now filed a motion to dismiss and separately challenged the sufficiency of the pleadings, without conferring with Plaintiff as required by the Order [Doc. 3]. Finally, when a defendant challenges the sufficiency

12

of the pleadings in response to a motion to amend, the Court does not have the benefit of full briefing.

Accordingly, the Court will **GRANT** the First Motion for Leave to File Amended Complaint [Doc. 18]. Any challenge to the sufficiency of the pleadings will be taken up on an appropriate motion.

## IV. CONCLUSION

Accordingly, the Motion to Dismiss [Doc. 14] is **DENIED** and the Motion to Amend [Doc. 18] is **GRANTED**. Plaintiff **SHALL FILE** his amended complaint on or before **August 29, 2024**.

The Motion for Joinder [Doc. 16] is unopposed and is **GRANTED**.

Prior to the filing of any future motion to dismiss, motion for judgment on the pleadings, or motion to amend in this case, the parties are **ORDERED** to confer and determine whether the motion may be avoided or resolved by agreement.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**