UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| SETH DOWNING, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 3:23-cv-300 |
| v. | ) | Judge Atchley |
| SERGHEY BOTEZAT & KNOX COUNTY, TENNESSEE, | ) | Magistrate Judge Poplin |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant/Cross-Defendant Knox County, Tennessee, and Defendant/Cross-Plaintiff Serghey Botezat's Joint Motion for Partial Summary Judgment [Doc. 41],[1] Botezat's Motion for Partial Summary Judgment [Doc. 42], Botezat's Motion for Summary Judgment [Doc. 43], Plaintiff/Counter-Defendant Seth Downing's Motion for Summary Judgment [Doc. 46], Knox County's Motion for Summary Judgment [Doc. 49], Downing's Motion to Accept Late-Filed Answer [Doc. 53], and the parties' Joint Motion to Stay [Doc. 66].[2] For the following reasons, Botezat's Motion for Summary Judgment [Doc. 43] is **GRANTED**, Downing's Motion for Summary Judgment [Doc. 46] is **DENIED**, and Knox County's Motion for Summary Judgment [Doc. 49] is **GRANTED IN PART** and **DENIED IN PART**. The Motions for Partial Summary

---

[1] This Motion is also purportedly brought on behalf of "Defendants Knox County Board of Zoning Appeals ('<u>BZA</u>') [and] Knox County Planning Commission ('<u>Planning Commission</u>')[.]" [Doc. 41 at 1]. Neither the Knox County Board of Zoning Appeals nor the Knox County Planning Commission, however, are named as defendants in either the Amended Complaint [Doc. 24] or the Cross Complaint [Doc. 26 at 10–14]. Accordingly, the Court construes the Motion as being brought on behalf of only Knox County and Botezat.

[2] This Motion is purportedly brought on behalf of the Knox County Board of Zoning Appeals and the Knox County Planning Commission in addition to Downing, Botezat, and Knox County. [Doc. 66 at 1]. Consistent with the Court's decision regarding the Joint Motion for Partial Summary Judgment, *see supra* note 1, the Court will construe this motion as being brought on behalf of only Downing, Botezat, and Knox County.

Judgment [Docs. 41–42], the Motion to Accept Late-Filed Answer [Doc. 53], and the Joint Motion to Stay [Doc. 66] are each **DENIED AS MOOT**.

I. BACKGROUND

This case concerns whether Seth Downing has the right to appeal a decision made by the Knoxville-Knox County Planning Commission ("Planning Commission") to the Knox County Board of Zoning Appeals ("BZA") and whether the deprivation of that appeal violated his constitutional rights.

Downing and Botezat own abutting real property in Knox County, Tennessee.[3] [Doc. 47-3 at ¶¶ 2–3]. Downing uses his property as a private residence whereas Botezat wants to use his property for a 32-unit multi-dwelling development. [*Id.* at ¶ 2; Doc. 24 at ¶ 20; Doc. 25 at ¶ 20; Doc. 26 at ¶ 20]. To that end, Botezat sought approval of his development plan from the Planning Commission. [Doc. 24 at ¶ 20; Doc. 25 at ¶ 20; Doc. 26 at ¶ 20]. Downing objected to Botezat's development plan, but the Planning Commission nevertheless approved it. [Doc. 47-3 at ¶¶ 4–5, 7; Doc. 47-5 at 21]. Downing then timely appealed the Planning Commission's decision to the BZA pursuant to Section 6.50.08 of the Knox County Zoning Ordinance. [Doc. 47-6 at ¶ 14].

Section 6.50.08 states in full:

> *Appeal of development plans.* In any Zone in which a "development plan" or "plan for development" must be approved by the planning commission prior to the construction or alteration of any building or development, any person, firm or corporation aggrieved by the decision of the planning commission regarding such development shall follow the following procedure for appeals:
>
> (a) The aggrieved person or entity may file an appeal either to the Board of Zoning Appeals or to a court of competent jurisdiction within thirty (30) days of the decision being appealed.
>
> (b) The Applicant for the development plan being challenged may opt out of the BZA appeal by sending, by certified mail, a notice of demand to have

---

[3] Specifically, Downing owns the property located at 7201 Ball Camp Pike, Knoxville, TN, 37931, and Botezat owns the property located at 0 Ball Camp Pike, Knoxville, TN, 37931. [Doc. 47-3 at ¶¶ 2–3].

> the matter heard by a court of competent jurisdiction to the Knox County Law Director's Office, with a copy of said notice sent by certified mail to the address of the aggrieved appellant(s), within fifteen (15) days of the filing of the BZA appeal.
>
> (c) In the event that such notice is filed with the Law Director's Office, the appellant shall file the appeal with a court of competent jurisdiction within thirty (30) days of the notice having been mailed.

KNOX COUNTY, TENN., ZONING ORDINANCE § 6.50.08 (2025) (emphasis in original).[4] In response, Botezat exercised his right under Section 6.50.08(b) to opt out of the BZA appeal and require Downing to appeal, if at all, to a Tennessee court of competent jurisdiction.[5] [Doc. 47-4 at ¶ 8]. The effect of Botezat's decision was significant. While the BZA would have reviewed the development plan *de novo*, judicial review of the development plan would be limited to whether the Planning Commission "acted illegally, arbitrarily, fraudulently, or in excess of its jurisdiction." *Venture Holdings, LLC v. Metro. Gov't of Nashville & Davidson Cnty.*, 585 S.W.3d 409, 416 (Tenn. Ct. App. 2019). This lawsuit followed. [Doc. 1].

Downing claims that Knox County and Botezat violated his due process, equal protection, and First Amendment rights by depriving him of his ability to pursue a BZA appeal. [*See generally* Doc. 24]. He asks the Court to declare Sections 6.50.08(b) and (c) of the Knox County Zoning Ordinance (i.e., the provisions addressing a developer's ability to opt out of a BZA appeal) unconstitutional and enjoin the County from enforcing them. [*Id.* at ¶¶ 99–103]. He also asks the Court to require Knox County to place his appeal back on the BZA's agenda and to award him damages. [*Id.* at ¶¶ 104–05].

---

[4] The Code of Knox County—including the Knox County Zoning Ordinance—can be found at the following link: https://library.municode.com/tn/knox_county/codes/code_of_ordinances?nodeId=COKNCOTE.

[5] Downing has petitioned the Tennessee courts to review the Planning Commission's decision. As this state case does not affect the resolution of the motions currently before the Court [*see* Doc. 23 at 3–10], it is not discussed further.

Botezat responded to these claims with one of his own. [*See* Doc. 26 at 10–14]. He filed a Cross-Complaint alleging that Tennessee law does not authorize the BZA to hear appeals concerning the Planning Commission's approval of development plans. [*Id.*]. He seeks a declaration to the same effect and an injunction preventing Knox County from enforcing Section 6.50.08 against him to the extent it purports to grant the BZA appellate jurisdiction over the Planning Commission's approval of development plans. [*Id.*]. He also seeks a related injunction preventing Knox County from enforcing Section 6.60.03(C) of the Knox County Zoning Ordinance which states:

> *Powers of the board of zoning appeals.*
> …
>
> (C) To hear and decide in accordance with the provisions of article 4, "Supplementary regulations," section 2, "Development standards for uses permitted on review," and article 6, "Administration, enforcement and interpretation," section 6.50, "Procedure for authorizing uses permitted on review," of this ordinance, appeals from the planning commission of decisions regarding use-on-reviews.

KNOX COUNTY, TENN., ZONING ORDINANCE § 6.60.03(C) (2025) (emphasis in original).

Now, the parties have filed five motions for summary judgment, each of which is ripe for review. Downing filed a single summary judgment motion wherein he argues that he should prevail on his constitutional claims as a matter of law. [Doc. 46]. Knox County, on the other hand, filed a summary judgment motion arguing the contrary. [Doc. 49]. It also filed a joint partial motion for summary judgment with Botezat wherein they argue that Downing's denial of a BZA appeal did not cause a constitutional injury. [Doc. 41]. Finally, Botezat filed both a motion for summary judgment and a motion for partial summary judgment. Botezat's summary judgment motion argues that he should prevail on his crossclaim as a matter of law [Doc. 43] while his partial summary judgment motion asserts that he is not a state actor who can be held liable for allegedly violating

Downing's constitutional rights [Doc. 42]. Beyond these dispositive motions, Downing has also filed a Motion to Accept Late-Filed Answer [Doc. 53] regarding Botezat's Cross-Complaint, and the parties have filed a Joint Motion to Stay [Doc. 66]. But as the resolution of the parties' dispositive motions renders these last two motions [Docs. 53, 66] moot, the remainder of this Memorandum Opinion and Order will focus on the parties' motions for summary judgment.

## II. STANDARD OF REVIEW

"Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Sommer v. Davis*, 317 F. 3d 686, 690 (6th Cir. 2003) (citing FED. R. CIV. P. 56(c)). The moving party may satisfy its burden by producing evidence that demonstrates the absence of a genuine issue of material fact or "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## III. ANALYSIS

Downing's claims are premised on the idea that Knox County and Botezat unconstitutionally deprived him of his right to have the BZA review the Planning Commission's approval of Botezat's development plan. But as Botezat notes, Tennessee law does not authorize the BZA to hear appeals regarding the Planning Commission's approval/denial of development plans. Accordingly, Downing's claims must fail while Botezat's succeed.

- 5 -

Case 3:23-cv-00300-CEA-DCP   Document 67   Filed 06/12/25   Page 5 of 19   PageID #: 932

Downing asserts that Sections 13-7-108 and 13-7-109(1) of the Tennessee Code Annotated give him a statutory right to (and a protected property interest in) a BZA appeal of the Planning Commission's approval of Botezat's development plan. [*See, e.g.*, Doc. 55 at 4–10; Doc. 63 at 3]. Section 13-7-109 establishes the authority of boards of zoning appeals, stating in relevant part:

> The board of appeals has the power to:
>
> > (1) Hear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision or refusal made by the county building commissioner or any other administrative official in the carrying out or enforcement of any ordinance enacted pursuant to this part[.]

Tenn. Code. Ann. § 13-7-109(1). As for Section 13-7-108, it defines who may appeal to a board of zoning appeals, stating:

> Appeals to the board of appeals may be taken by any person aggrieved, or by any officer, department or board of the county affected, by any grant or withholding of a building permit or by any other decision of a building commissioner or other administrative official, based in whole or in part upon any ordinance under this part.

Tenn. Code Ann. § 13-7-108. Although neither of these statutes mention planning commissions by name, Downing contends that they still apply to the Planning Commission because the Planning Commission qualifies as an "administrative official" under Tennessee law. [Doc. 55 at 4–5].

Downing relies principally on *Stone Man, Inc. v. Rutherford County Regional Planning Commission* 1985 Tenn. App. LEXIS 2607 (Tenn. Ct. App. Jan 8, 1985) to support this contention. There, the Tennessee Court of Appeals was called upon to determine, among other things, whether a quarry operator was required to appeal an adverse planning commission decision to the local board of zoning appeals before filing suit in a Tennessee court. *Id.* at *15–20. In finding that such an appeal was available but not mandatory, the *Stone Man* Court noted that the Tennessee General Assembly gave each county "broad discretion to establish a regulatory framework that best meets its needs[,]" and that "while one county may determine that certain parts of its business can be

conducted by a single official, another county may prefer to establish a board or commission of local citizens to do the same work." *Id.* at *18. Therefore, the *Stone Man* Court held, a planning commission's application and administration of local land use restrictions was still reviewable by the local board of zoning appeals notwithstanding the fact that a planning commission would not qualify as an "administrative official" under a "literal reading of the statutes" because holding otherwise would mean that whether certain decisions could be appealed to a board of zoning appeals would depend on whether the county gave that authority to a commission or an individual. *See id.*

Beyond *Stone Man*, Downing also relies on *State ex rel. Browning-Ferris Industries, Inc. v. Board of Commissioners*, 806 S.W.2d 181 (Tenn. Ct. App. 1990) and *Northshore Corridor Association v. Knox County*, 633 S.W.3d 561 (Tenn. Ct. App. 2021). In *Browning-Ferris*, the Tennessee Court of Appeals was asked to determine, among other things, whether a county commission could exercise appellate authority over a planning commission's issuance or denial of a building permit. *See id.* at 188–94. After holding that a county commission lacked such authority, the *Browning-Ferris* Court stated in dicta that this decision did not leave those aggrieved by a planning commission decision without legal redress because "the enabling legislation and the provisions of § 6.60, entitled 'Board of Adjustment and Enforcement,' provide[d] an appropriate method for appeal to the Board of Adjustment [(i.e., the board of zoning appeals)]." *Id.* at 194.

In *Northshore Corridor Association*, a residential development plan including an on-site wastewater treatment plan was approved by the local planning commission and upheld by the local board of zoning appeals. 633 S.W.3d at 564–66. Groups opposed to the development plan subsequently petitioned the Tennessee courts to review this approval via a common law writ of certiorari. *Id.* at 566. The trial court reversed the board of zoning appeals, finding that a wastewater

- 7 -

Case 3:23-cv-00300-CEA-DCP   Document 67   Filed 06/12/25   Page 7 of 19   PageID #: 934

treatment plan was not a permitted use in the applicable zone. *Id.* at 566–67. Following this decision, the developer, board of zoning appeals, and relevant county filed a joint motion to amend the judgment, arguing that the dispute concerning the wastewater treatment plant was no longer justiciable because "'off-site sewer service' had been procured for the proposed development." *Id.* at 568. The trial court denied this motion, finding that there was still a live dispute. *Id.* In affirming the trial court, the Tennessee Court of Appeals stated that the development plan could not be altered to remove the on-site wastewater treatment plant "without involvement of the procedural review process before the [planning commission] and the [board of zoning appeals] and the accompanying potential for judicial review" because allowing this kind of unilateral alteration would circumvent "the opportunity for a full administrative review with public input[.]" *Id.* at 577. Accordingly, the alternative development plan with off-site sewer services did not render the dispute concerning the on-site wastewater treatment facility moot because the alternative development plan was never properly approved. *See id.*

Although neither *Browning-Ferris* nor *Northshore Corridor Association* directly confront the appellate authority of boards of zoning appeals over planning commission decisions as *Stone Man* does, the Court agrees with Downing that they lend support to his position that such authority exists. The problem Downing faces, however, is that *Stone Man*, *Browning-Ferris*, and *Northshore Corridor Association* are not the only cases that have touched on the appellate authority of boards of zoning appeals over planning commission decisions.

In *Whittemore v. Brentwood Planning Commission*, the Tennessee Court of Appeals evaluated, among other things, whether a municipal board of zoning appeals has the authority to review decisions made by a municipal planning commission. 835 S.W.2d 11 (Tenn. Ct. App. 1992). After a municipal planning commission approved a development plan for a regional

shopping mall, a group of neighboring property owners requested that the municipal board of zoning appeals review that decision. *Id.* at 12–14. The board of zoning appeals, however, declined to review the development plan's approval on the ground that the board lacked the authority to review the planning commission's decision. *Id.* at 14. The neighboring property owners then brought their case to state court where the trial court upheld the approval of the site plan. *See id.* at 13–14. On appeal, the neighboring property owners argued that the board of zoning appeals, contrary to the board's belief, had the authority to review the planning commission's decision and should have done so. *See id.* at 14. The Tennessee Court of Appeals disagreed. It held that planning commissions and boards of zoning appeals are "coequal and independent" agencies, that a planning commission is not an "other administrative official" whose decisions can be appealed to the board of zoning appeals, and that the planning commission had an independent grant of authority to approve the development plan pursuant to Tennessee Code Annotated Section 13-4-104 because it involved alterations to existing roads. *Id.* at 14–15.

Downing attempts to limit *Whittemore*'s holding, arguing that it is inapplicable because (i) this case concerns a county rather than municipal zoning ordinance and (ii) the Planning Commission lacks the independent grant of authority that was present in *Whittemore*. [Doc. 55 at 3–4]. The Tennessee Court of Appeals, however, has not read *Whittemore* so narrowly. To the contrary, the same panel that decided *Whittemore* later relied on it for the general proposition that "[b]oards of zoning appeals do not have the jurisdiction to review local planning commission decisions." *Robison v. Metro. Gov't of Nashville & Davidson Cnty.*, Appeal No. 01-A-01-9105-CH-00178, 1992 Tenn. App. LEXIS 731, at *18 (Tenn. Ct. App. Aug. 26, 1992).

The *Robinson* Court reached this conclusion when discussing the case of *Rogers Group, Inc. v. County of Franklin*, Appeal No. 01A01-9110-CH-00378, 1992 Tenn. App. LEXIS 370

- 9 -

(Tenn. Ct. App. Apr. 29, 1992). There, a county planning commission denied approval for a property owner's quarry development plan. *Id.* at *6. The property owner then took its case immediately to the Tennessee courts, bypassing the county board of zoning appeals. *Id.* at *6–7. The planning commission argued that because the property owner went straight to court, it had failed to exhaust its administrative remedies. *Id.* at *8–9. The Tennessee Court of Appeals disagreed. It held that the property owner was not required to appeal the denial of its development plan to the board of zoning appeals because (i) the applicable zoning ordinance—the language of which is materially identical to Tennessee Code Annotated Sections 13-7-108 and 109(1)[6]—did not grant the board of zoning appeals appellate authority over planning commission decisions and (ii) the property owner's claim turned on an interpretation of the zoning ordinance, something the board of zoning appeals lacked the authority to do. *Id.* at *9–10, *20–21. The *Robinson* Court—which was tasked with resolving whether a zoning administrator's interpretation of a zoning ordinance had to be appealed to the local board of zoning appeals before being challenged in court—disagreed with the *Rogers Group* Court's conclusion that boards of zoning appeals lack the authority to interpret zoning ordinances. *Robinson*, 1992 Tenn. App. LEXIS 731, at *13–18. But it agreed with the *Rogers Group* Court, albeit in dicta, that the property owner in *Rogers Group* was not required to appeal the denial of his development plan to the local board of zoning appeals, citing *Whittemore* for the proposition that "[b]oards of zoning appeals do not have the jurisdiction to review local planning commission decisions." *Id.* at *17–18. Put another way, the *Robinson* Court stated that under *Whittemore*, a county board of zoning appeals lacks the authority to review a county planning commission's approval of a development plan. *See id.*

---

[6] *Compare* Rogers Group, Inc., 1992 Tenn. App. LEXIS 370, at *8–10, *with* Tenn. Code Ann. §§ 13-7-108, 109(1).

*Whittemore*, *Robinson*, and *Rogers Group* stand in stark contrast to *Stone Man*, *Browning-Ferris*, and *Northshore Corridor Association*, and it does not appear that the Tennessee Supreme Court has ever resolved which group of cases correctly describes the appellate authority of boards of zoning appeals.[7] Consequently, the Court must determine which path the Tennessee Supreme Court would take if presented the issue. *Bear Stearns Gov't Sec., Inc. v. Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005) ("In applying state law, [federal courts] anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court."). After careful consideration, the Court finds that the Tennessee Supreme Court would agree with *Whittemore*, *Robinson*, and *Rogers Group* and hold that boards of zoning appeals lack the authority to review a planning commission's approval or denial of a development plan.

When interpreting statutory provisions, the Tennessee Supreme Court "determine[s] how a reasonable reader would have understood the text at the time it was enacted." *Lawson v. Hawkins Cnty.*, 661 S.W.3d 54, 59 (Tenn. 2023). It undertakes this task by "considering the statutory text in light of well-established canons of statutory construction" and by giving statutory terms their "natural and ordinary meaning" absent a statutory definition. *Id.* Furthermore, the Tennessee Supreme Court does not interpret statutes in isolation bur rather construes them as a whole, reads them in conjunction with their surrounding parts, and views them consistently with the statute's legislative purpose. *Kradel v. Piper Indus.*, 60 S.W.3d 744, 750 (Tenn. 2001).

Here, the relevant statutes are Tennessee Code Annotated Sections 13-7-108 and 13-7-109(1). As the Court has previously noted, Section 13-7-108 states:

---

[7] No party has directed the Court to any authority where the Tennessee Supreme Court evaluated whether a board of zoning appeals possesses the authority to review planning commission decisions. The Court was similarly unable to find such authority during its own extensive research. In fact, the only other authority that the Court was able to find directly addressing this issue is a 1980 opinion from the Tennessee Attorney General stating that "[a] regional planning commission is not an 'other administrative official' under [Tenn. Code Ann.] § 13-7-108." 1980 Tenn. AG LEXIS 22 (Dec. 1, 1980).

> Appeals to the board of appeals may be taken by any person aggrieved, or by any officer, department or board of the county affected, by any grant or withholding of a building permit or by any other decision of a building commissioner or other administrative official, based in whole or in part upon any ordinance under this part.

Tenn. Code Ann. § 13-7-108. Similarly, Section 13-7-109(1) states:

> The board of appeals has the power to:
>
> (1) Hear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision or refusal made by the county building commissioner or any other administrative official in the carrying out or enforcement of any ordinance enacted pursuant to this part[.]

Tenn. Code Ann. § 13-7-109(1). The key language in both statutes is the term "administrative official." If a planning commission is not an "administrative official," then its decisions do not fall within the statutes' scope.

The term "administrative official" is not defined in Title 13 of the Tennessee Code Annotated. Therefore, the Court interprets the term in accordance with its "natural and ordinary meaning." *Lawson*, 661 S.W.3d at 59. Ordinarily, the term "official," whether proceeded by the adjective "administrative" or otherwise, refers to an individual rather than a collective body like a commission. *See, e.g.*, *Official*, OXFORD ENG. DICTIONARY, https://www.oed.com/dictionary/official_n1?tab=meaning_and_use#33861077 (last visited June 5, 2025) (defining "official" as "[a] person holding public office or having official duties, esp. as a representative of a government or administration, or in connection with some public institution or officially-constituted body, organization, society, etc."); *Official*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/official (last visited June 5, 2025) (defining "official" as "one who holds or is invested with an office"); *Official*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "official" as "[s]omeone who holds or is invested with a public office; a person elected or appointed to carry out some portion of a government's sovereign

powers"). Consequently, is does not appear that a planning commission is an "administrative official" under either Section 13-7-108 or Section 13-7-109(1).

This conclusion is bolstered by the presumption of consistent usage. The presumption states that "[a] word or phrase is presumed to bear the same meaning throughout a text" absent a material variation in terms. ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 170 (2012).[8] Here, the term "administrative official" is consistently used throughout Title 13 of the Tennessee Code Annotated to refer to individuals rather than groups.[9] As nothing in either Section 13-7-108 or Section 13-7-109 indicates that these sections define "administrative official" differently, the Court must presume that the term carries its general meaning in both sections (i.e., that it refers to individuals rather than groups). SCALIA & GARNER, *supra*, at 170.

Accordingly, Tennessee principles of statutory construction dictate that Sections 13-7-108 and 13-7-109(1) do not apply to planning commission decisions because planning commissions are not "administrative officials." The Court recognizes that this conclusion leaves open the issue raised by *Stone Man*, that whether certain decisions may be appealed to a board of zoning appeals will depend on who made the decision in the first place. *See* 1985 Tenn. App. LEXIS 2607, at *17–19. It, however, is not the Court's role to expand a statute beyond its plain terms to correct what might be viewed as a loophole. *Halbert v. Shelby Cnty. Election Comm'n*, 31 S.W.3d 246,

---

[8] The Tennessee Supreme Court routinely relies on READING LAW when interpreting statutes. *See, e.g.*, *State v. Deberry*, 651 S.W.3d 918, 924 (Tenn. 2022); *Falls v. Goins*, 673 S.W.3d 173, 180 (Tenn. 2023).

[9] *See, e.g.*, Tenn. Code Ann. § 13-3-101(j)(2) ("Each full-time or contract professional planner or other administrative official whose duties include advising the planning commission shall…"); Tenn. Code Ann. § 13-3-201(b)(4) ("The legislative body of the county shall be responsible for paying the training and continuing education course registration and travel expenses for each planning commissioner and full-time professional planner or other administrative official whose duties include advising the planning commission."); Tenn. Code Ann. § 13-7-106(b)(7) ("Each board of zoning appeals member and each building commissioner or other administrative official whose duties include advising the board of zoning appeals shall…").

248 (Tenn. 2000) ("In construing legislative enactments, the principal goals are to ascertain the legislative intent and give it effect without unduly restricting or expanding its coverage beyond its limited scope."). Furthermore, it is not clear that the issue identified by the *Stone Man* Court is a flaw of the statutes rather than a feature, particularly in the context of planning commission decisions. Planning commissions, like boards of zoning appeals, are statutorily defined multi-member deliberative bodies that specialize in local land use matters. *See* Tenn. Code Ann. §§ 13-3-101, 104. Their members are well-versed in these issues as Tennessee law requires them to complete materially identical continuing education requirements to those imposed on board of zoning appeals members.[10] *Compare* Tenn. Code Ann. § 13-3-101(j)(1), (5), *with* Tenn. Code Ann. § 13-7-106(b)(1), (5). Given the similarities between the two entities and their overlapping expertise, allowing the decisions of one to be appealed to the other would be unnecessarily duplicative. Thus, excluding planning commission decisions from review before a board of zoning appeals serves an important function; it reduces administrative delays by preventing parties from requesting a do-over before a separate, but materially similar, body. *See* Tenn. Code Ann. § 13-7-108, 109(1). Thus, *Stone Man* does not alter the Court's conclusion that Sections 13-7-108 and 13-7-109(1) do not authorize boards of zoning appeals to review planning commission decisions.

Recognizing that the Court may reach this conclusion, Downing argues in the alternative that Knox County had the authority to grant the BZA appellate authority over Planning Commission decisions pursuant to Tennessee Code Annotated Section 13-7-109(2) which states that boards of zoning appeals can "[h]ear and decide, in accordance with the provisions of any

---

[10] The primary differences between the two entities' continuing education requirements are that (1) planning commission members are required to annually complete at least one hour of education concentrating "on the rights of private property owners and the relationship of those rights to the public planning process" whereas board of zoning appeals members are not and (2) planning commission members have the "powers and duties of the planning commission" as a continuing education subject while boards of zoning appeals members have the "powers and duties of the board of zoning appeals" as a continuing education subject. Tenn. Code Ann. §§ 13-3-101(j)(1), (5), with Tenn. Code Ann. § 13-7-106(b)(5).

such ordinance…special questions upon which such board is authorized by any such ordinance to pass[.]" [Doc. 55 at 9]. The Court is not persuaded. Section 13-7-108 allows *only* those aggrieved or affected "by any grant or withholding of a building permit or by any other decision of a building commissioner or other administrative official" to appeal the at-issue decision to a board of zoning appeals. If a county could circumvent this limitation by simply designating appeals not within Section 13-7-108's scope as "special questions," then Section 13-7-108 would serve no meaningful purpose. Accordingly, the Court finds that Section 13-7-109(2) does not authorize Knox County to grant the BZA appellate jurisdiction over Planning Commission decisions. *See Baker v. State*, 417 S.W.3d 428, 439 n.11 (Tenn. 2013) ("[A] statute…should be interpreted to preclude any part from being inoperative, superfluous, void or insignificant." (internal quotation marks omitted)).

Turning to Knox County, it agrees with Botezat that Tennessee law does not grant Downing a statutory right to appeal the Planning Commission's approval of Botezat's development plan to the BZA. [*See, e.g.*, Doc. 49 at 6–7]. It, however, disagrees with Botezat's contention that it is not permitted to grant the BZA appellate authority over certain Planning Commission decisions, arguing that it possesses such power as a home rule county. [Doc. 52 at 2–4]. The Court is not convinced. The Home Rule Amendment of the Tennessee Constitution functions primarily as a shield. It prevents the Tennessee General Assembly from enacting laws that target home rule counties unless those laws expressly require local approval. Tenn. Const. art. XI, § 9, cl. 2. But this protection only extends to laws that are "private or local in form or effect[.]" *Id.* Home rule counties are still required to comply with laws of general applicability, including the zoning laws at issue in this case. *See* Tenn. Const. art. XI, § 9, cl. 3; Tenn. Code Ann. § 13-7-101(a)(1) (granting "[t]he county legislative body of *any* county" the authority to regulate zoning "in accordance with the conditions and the procedure specified in this part" (emphasis added)). Accordingly, Knox

- 15 -

Case 3:23-cv-00300-CEA-DCP   Document 67   Filed 06/12/25   Page 15 of 19
PageID #: 942

County must comply with Sections 13-7-108 and 13-7-109(1)'s requirements regardless of its home rule status. *See* Tenn. Const. art. XI, § 9, cl. 3.

Considering the foregoing, each of Downing's claims must fail. Neither Knox County nor Botezat deprived Downing of his right to a BZA appeal without due process of law because Downing never had such a right. Similarly, neither Knox County nor Botezat deprived Downing of his First Amendment right to petition the BZA and/or express his views before it because, again, Downing had no right to present his case to the BZA. Finally, neither Knox County nor Botezat violated Downing's equal protection rights in denying him a BZA appeal because he had no right to a BZA appeal in the first place. Accordingly, Downing's Motion for Summary Judgment [Doc. 46] is **DENIED**. Botezat's Motion for Summary Judgment [Doc. 43], on the other hand, is **GRANTED** as he has established that Tennessee law does not permit the BZA to review the Planning Commission's approval or denial of a development plan. As for Knox County, its Motion for Summary Judgment [Doc. 49] is **GRANTED IN PART** to the extent it argues that Downing lacks a statutory right to a BZA appeal and **DENIED IN PART** to the extent it argues that the Knox County Zoning Ordinance is valid as it currently exists. The motions for partial summary judgment [Docs. 41–42] are **DENIED AS MOOT** since resolution of the parties' primary summary judgment motions fully disposes of this case. For the same reasons, Downing's Motion to Accept Late-Filed Answer [Doc. 53], and the parties' Joint Motion to Stay [Doc. 66] are also **DENIED AS MOOT**.

This leaves the issue of remedy. As the Court noted earlier, Botezat requests that Sections 6.50.08 and 6.60.03(C) of the Knox County Zoning Ordinance be declared void to the extent that they purport to authorize the BZA to exercise appellate authority over Planning Commission decisions approving development plans and that Knox County be enjoined from enforcing the

- 16 -

Case 3:23-cv-00300-CEA-DCP   Document 67   Filed 06/12/25   Page 16 of 19
PageID #: 943

same. [Doc. 26 at 13–14 ¶ 17(b), (c); Doc. 43 at 11]. As the Court has concluded that Tennessee law does not authorize boards of zoning appeals to review planning commission decisions, Botezat is entitled to his requested declaration. Turning to Botezat's request for injunctive relief, a party requesting a permanent injunction must show: (1) that he has suffered irreparable harm; (2) that legal remedies fail to compensate for the injury; (3) that a balance of the equities supports injunctive relief; and (4) that the public interest favors a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Here, these factors weigh in favor of enjoining Sections 6.50.08 and 6.60.03(C) of the Knox County Zoning Ordinance.

"An injury is irreparable if it cannot be undone through monetary remedies." *Performance Unlimited v. Questar Publishers*, 52 F.3d 1373, 1382 (6th Cir. 1995). Thus, the first and second factors really ask a single question: Can Botezat be adequately compensated for the harms resulting from having the approval of his development plan (and any future development plans) appealed to the BZA? The Court finds that he cannot. If the Court allowed the challenged provisions of the Knox County Zoning Ordinance to be enforced, then Botezat would be required to defend his development plan before a body that has no authority to review the Planning Commission's approval of that plan. This unauthorized appeal could result in Botezat's development plan being denied despite the Planning Commission (i.e., the body tasked with approving development plans) finding that it complies with all applicable requirements. In these circumstances, the Court finds that continued enforcement of Sections 6.50.08 and 6.60.03(C) of the Knox County Zoning Ordinance would irreparably harm Botezat as monetary remedies would not adequately compensate him for the harms resulting from the BZA's unlawful exercise of appellate authority over the Planning Commission. As for the third and fourth factors, they "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Whether these

merged factors weigh in favor of an injunction depends on whether the law sought to be enjoined is valid because "the public's true interest lies in the correct application of the law." *Kentucky v. Biden*, 23 F.4th 585, 612 (6th Cir. 2022). Thus, these factors also weigh in favor of enjoining Sections 6.50.08 and 6.60.03(C) of the Knox County Zoning Ordinance since these sections attempt to grant the BZA powers that it lacks under Tennessee law. Accordingly, Sections 6.50.08 and 6.60.03(C) of the Knox County Zoning Ordinance will be enjoined pursuant to the terms described more fully below.

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Botezat's Motion for Summary Judgment [Doc. 43] is **GRANTED**;

2. Downing's Motion for Summary Judgment [Doc. 46] is **DENIED**;

3. Knox County's Motion for Summary Judgment [Doc. 49] is **GRANTED IN PART** and **DENIED IN PART**;

4. Knox County and Botezat's Joint Motion for Partial Summary Judgment [Doc. 41] is **DENIED AS MOOT**;

5. Botezat's Motion for Partial Summary Judgment [Doc. 42] is **DENIED AS MOOT**;

6. Downing's Motion to Accept Late-Filed Answer [Doc. 53] is **DENIED AS MOOT**;

7. The parties' Joint Motion to Stay [Doc. 66] is **DENIED AS MOOT**;

8. The Court **DECLARES** that Section 6.50.08 of the Knox County Zoning Ordinance is void to the extent it grants the Knox County Board of Zoning Appeals appellate authority over the Knoxville-Knox County Planning Commission's approval/denial of development plans because Tennessee law does not authorize boards of zoning appeals to exercise such authority.

9. The Court **DECLARES** that Section 6.60.03(C) of the Knox County Zoning Ordinance is void to the extent it grants the Knox County Board of Zoning Appeals appellate authority over the Knoxville-Knox County Planning Commission's approval/denial of development plans because Tennessee law does not authorize boards of zoning appeals to exercise such authority.

10. Knox County, Tennessee, is **PERMANENTLY ENJOINED** from enforcing Sections 6.50.08 and 6.60.03(C) of the Knox County Zoning Ordinance—as described in the preceding paragraphs 8–9—against Serghey Botezat. In other words, Knox County **SHALL NOT** allow the approval or disapproval of any development plan presented to the Knoxville-Knox County Planning Commission by Botezat to be appealed to the Knox County Board of Zoning Appeals.

A separate judgment will enter.

    **SO ORDERED**.

    */s/ Charles E. Atchley, Jr.*
    **CHARLES E. ATCHLEY, JR.**
    **UNITED STATES DISTRICT JUDGE**